# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CARLOS RICE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-18003    W. Fred Axley, Judge**

---

**No. W2004-02043-CCA-R3-PC  - Filed April 22, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgement of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner, Carlos Rice, appeals the trial court's denial of post-conviction relief. The petition was filed outside the applicable statute of limitation and is, therefore, time-barred. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ. joined.

Carlos Rice, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On February 23, 1996, Petitioner Rice entered a plea of guilty to one count of felony murder and one count of attempt to commit second degree murder. For these offenses, Petitioner received an effective sentence of life imprisonment. No direct appeal was taken. The Petitioner alleges that, on January 10, 1997, he filed a petition for post-conviction relief, alleging, *inter alia*, the ineffective

1

assistance of counsel. Petitioner further alleges that he was "coerced" by counsel of record into withdrawing the petition. The petition was then dismissed or denied.

On July 13, 2004, Petitioner filed a motion to reopen post-conviction proceedings. As grounds for relief, Petitioner relief "exclusively upon ineffective assistance of counsel." Petitioner asserted that prior litigation of these claims was precluded by appointed counsel. While acknowledging the applicable statute of limitations, Petitioner claimed that appointed counsel, a representative of the State, impeded Petitioner's efforts to comply with the statute of limitations. Thus, Petitioner argued that the statute of limitations should be tolled. By order entered July 23, 2004, the trial court summarily dismissed the petition as barred by the applicable statute of limitations. Petitioner timely filed a notice of appeal document.

Petitioner's convictions became final on March 23, 1996. Thus, under the applicable statute of limitations, Petitioner had until March 23, 1997, to file a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-202(a) (*renumbered* 40-30-102 (2003 Repl.)). Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1-3). Petitioner has failed to assert one of these exceptions for tolling the statute.

A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. *Buford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see, e.g.*, *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence). Additionally, circumstances beyond a petitioner's control may justify tolling the statute of limitations. For example, in *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001), our supreme court recognized that the petitioner filed his petition for post-conviction relief after the statute of limitations had expired but affirmed this Court's remanding the case for an evidentiary hearing in order for the trial court to address the petitioner's allegation that his attorney's misrepresentation caused his petition to be late-filed, "thereby requiring the tolling of the limitations period." The Petitioner asserts that his appointed counsel coerced him into dismissing his timely filed petition for post-conviction relief in 1997. Even if this allegation, unsupported by the record, is taken as true, this fact alone fails to excuse the Petitioner's failure to file a petition for post-conviction relief until July 2004, over seven years after dismissal of the first petition. Moreover, although the petition is captioned a motion to reopen post-conviction proceedings, the petition fails to allege a cognizable ground for reopening the same under section 40-30-117(a)(1-3), Tennessee Code Annotated.

The Petitioner's allegation that his court-appointed attorney, acting as an agent of the State of Tennessee, wrongfully coerced him into withdrawing his timely filed petition for post-conviction relief does not suffice to toll the statute of limitations where Petitioner did not file the present petition until July 2004, over seven years after the first dismissal. Accordingly, the claims raised by

Petitioner in the present petition are time-barred. The post-conviction court did not err in summarily dismissing the petition. Tenn. Code Ann. § 40-30-106(b).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE